UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TRANSCARENT, INC., Plaintiff, -v- JAIME BURNHAM, and GARNER HEALTH TECHNOLOGY, INC., Defendants. | : | 26-CV-09128 (JAV) <br> ORDER |

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Transcarent, Inc. ("Plaintiff" or "Transcarent") has filed a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction. ECF No. 5. The Motion seeks to restrain Defendants Jaime Burnham ("Burnham") and Garner Health Technology ("Garner") from accessing, disclosing, transmitting or otherwise using a file Burnham allegedly generated consisting of Plaintiff's customer information (the "Customer File") and to require Defendants to take further steps enabling orderly further proceedings concerning the Customer File. Motion at 1, 2. The Motion further seeks to restrain Burnham from working for Garner, and to restrain Garner from employing Burnham. *Id.* at 2. The Court has reviewed Plaintiff's supporting Memorandum of Law (the "Memorandum" or "Mem."), the Declaration of Lakshman Mandali, dated October 15, 2026 ("Mandali Decl."); the Declaration of Laurie McGraw, dated October 15, 2026 ("McGraw Decl."); and the Declaration of Philip Lau, dated October 15, 2026, (latter three together, the "Declarations") ECF Nos. 6, 6-1, 6-2, 6-3. Today, October 19, 2026, the Court held a virtual hearing. At the hearing, Plaintiff represented that it had provided Defendants with the Motion papers on Friday, October 16, 2026, and given notice of today's hearing to Defendants an hour before the hearing took place. Defendants did not appear. For the

reasons that follow, the Court GRANTS in part and DEFERS in part the Motion.

"Injunctive relief 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *New Jersey v. United States Dep't of Transport*, 824 F. Supp. 3d 416, 421 (S.D.N.Y. 2026) (citing *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). A plaintiff seeking a TRO must show that "'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345 (2024) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

With respect to the Customer File, Plaintiff has made a sufficient showing that it is entitled to a TRO in order to prevent harm to itself. To prevail under the DTSA, a plaintiff must show that it possessed a trade secret and that the defendant misappropriated it. *See* 18 U.S.C. §§ 1836(b)(1), 1839(3), (5). PUTSA is materially identical. 12 Pa. C.S. § 5302 (defining "trade secret" to include a "customer list"). Both statutes authorize injunctive relief against actual or threatened misappropriation. *See* 18 U.S.C. § 1836(b)(3)(A); 12 Pa. C.S. § 5303. Plaintiff has made a sufficient showing that the Customer File contains trade secret information. *See* McGraw Decl., ¶ 32 (attesting that information contained in the Customer File "is among Transcarent's most valuable assets, developed through the investment of substantial resources, and gives Transcarent a significant competitive advantage").

Misappropriation includes "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means," as well as, under certain conditions, "disclosure or use of a trade secret of another without express or implied consent." 18 U.S.C. § 1839(5); 12 Pa. C.S. § 5302. Plaintiff's head of IT has attested

that, October 2, 2026, "Burnham prompted [an internal IT tool of Plaintiff's] to pull all of [Plaintiff's] contacts that are in the [Plaintiff's IT] system for the entire Northeast territory and, for each contact, included the contact name, company, email address, state, and Salesforce record," Mandali Decl., ¶ 13, and that Burnham "emailed to her personal email address . . . an excel spreadsheet containing 1,908 contacts." Mandali Decl., ¶ 8. She did so, moreover, the same day she accepted an offer of employment with Garner as Enterprise Sales VP for the Northeast. McGraw Decl., ¶ 29.

Plaintiff has therefore made the required showing as to its likelihood of succeeding on its DTSA and PUTSA claims. Since Burnham has "signed [an] offer letter accepting employment with Garner" and Garner is a competitor of Plaintiff's, McGraw Decl., ¶ 14, there is therefore also a clear and strong risk of irreparable harm to Plaintiff. In the circumstances, the balance of equities is in Plaintiff's favor, and the public interest favors an injunction to restrain Defendants from making use of Plaintiff's trade secrets.

Additionally, the Court finds that the posting of security pursuant to Rule 65(c) is unnecessary, as the relief afforded is unlikely to cause harm to the enjoined party.

Accordingly, the Court:

ORDERS that, pending the hearing and determination of Plaintiff's preliminary injunction application, Defendants, together with their agents, successors, assigns, and all persons over whom they exercise control, and all persons acting in concert with them or on their behalf, are temporarily restrained from accessing, disclosing, transmitting or otherwise using the Customer File, or any other Transcarent Confidential Information or trade secrets;

ORDERS that, pending the hearing and determination of Plaintiff's preliminary injunction application, Defendants, together with their agents, successors, assigns, and all

persons over whom they exercise control, and all persons acting in concert with them or on their behalf, are temporarily restrained from altering, deleting, destroying or otherwise disposing of any information taken from Plaintiff, or any devices or other materials used to take such information or recording the taking of such information;

The Court shall hold a conference at **3pm** on **October 21, 2026,** with respect to the remaining relief sought in Plaintiff's TRO application, including whether Burnham shall be temporarily restrained from employment with Garner, and whether Defendants shall be temporarily restrained from soliciting Plaintiff's clients and prospective clients. The conference will be held via Microsoft Teams (Meeting ID: 242 783 795 093 984 6; Passcode: 5Yk9Fr9U; and Link: https://teams.microsoft.com/meet/2427837950939846?p=fbPqoXNXyZRjrXZ8g5).

Any opposition to Plaintiff's motion for a TRO shall be due by **5pm** on **October 20, 2026**.

Plaintiff's counsel shall serve a copy of this order on counsel for Defendants, as well as a copy of all motion papers, including the proposed order to show cause and all supporting affidavits, along with a copy of this Court's Individual Rules and Practices, no later than **5pm** on **October 19, 2026** and shall file proof of such service no later than **5pm** on **October 20, 2026**. If unaware of the identity of counsel for any of the parties, Plaintiff's counsel receiving this order must forthwith send a copy of this order, the motion papers and the Court's Individual Rules and Practices to that party personally.

SO ORDERED.

Dated: October 19, 2026
New York, New York

Jeannette Vargas

JEANNETTE A. VARGAS
United States District Judge