UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRANSCARENT, INC.,

Plaintiff,

-v-

JAIME BURNHAM and GARNER HEALTH TECHNOLOGY, INC.,

Defendants.

26-CV-9128 (JAV)

OPINION & ORDER

JEANNETTE A. VARGAS, United States District Judge:

Before the Court is Plaintiff Transcarent, Inc.'s ("Plaintiff" or "Transcarent") motion for expedited discovery under Rule 26(d). ECF No. 7. Transcarent brings the motion "[i]n preparation for a hearing on its motion for preliminary injunctive relief." ECF No. 8 ("Mem.") at 1. The motion is GRANTED IN PART AND DENIED IN PART.

This Court has "broad discretion" in managing the discovery process. *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003). Courts in this Circuit, and indeed in this District, have applied two different standards when evaluating whether to permit expedited discovery under Rule 26(d). Defendant Garner argues for the application of the stricter four-part standard derived from *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982). ECF No. 42 ("Garner Opp'n") at 4-5. Plaintiff argues for the application of the less strict 'good cause' test applied in *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325 (S.D.N.Y. 2005). Mem. at 5-6; ECF No. 47 ("Reply") at 2-3.

When determining whether to permit expedited discovery in advance of a preliminary injunction hearing, this Court adopts the 'good cause' standard for the reason given in *Ayyash* which is that "employing a preliminary-injunction type analysis [as constituted by the *Notaro*

test] to determine entitlement to expedited discovery makes little sense, especially when applied to a request to expedite discovery in order to prepare for a preliminary injunction hearing." *Ayyash*, 233 F.R.D. at 326-27 (citation omitted). The 'good cause' standard embodies a "flexible standard of reasonableness." *Strike 3 Holdings, LLC v. Doe*, 331 F.R.D. 14, 16 (E.D.N.Y. 2019) (citation omitted). Thereunder, this Court "must consider 'the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances.'" *Id.* at 17 (quoting *Ayyash*, 233 F.R.D. at 327).

Plaintiff's motion seeks expedited discovery in preparation for a hearing on Plaintiff's motion for preliminary injunctive relief against Defendants. More specifically, the motion seeks: a response within ten days from the date of entry of this Order to its First Set of Requests for Production and First Set of Interrogatories; production from Defendant Burnham of "all of her personal electronic devices, email accounts, and cloud storage accounts . . . to a neutral third-party forensic examiner agreed upon by the parties for imaging within two (2) days" of the date of entry of this Order; production from Defendant Garner of "each and every electronic device, email account, and cloud storage account used by Burnham in connection with her employment with Garner . . . to a neutral third-party forensic examiner agreed upon by the parties for imaging within two (2) days" of the date of entry of this Order; Burnham's deposition by Plaintiff within ten days of her response to Plaintiff's written discovery requests; and deposition of a Rule 30(b)(6) representative of Garner by Plaintiff within ten days of its response to Plaintiff's written discovery requests. ECF No. 7-1.

The purpose of expedited discovery is to enable the parties to better make their particular case before the Court. Therefore the relationship between the expedited discovery requests and the substance of the hearing that the request is made in aid of is at the center of the Court's

analysis. The preliminary injunction that Plaintiff seeks aims to protect it from the possibility of harm caused by disclosure of its trade secrets and solicitation of its clients by its alleged competitor, Garner, who has hired its former employee, Burnham. ECF No. 6 at 3.

A defendant's objections to the merits of the underlying motion are only relevant if the objection is that the underlying motion is hopeless. In such a case, there would be no "good cause" for the motion for expedited discovery. Garner does make one argument of this sort: Garner argues that Transcarent "sought expedited discovery based principally on the assertion that Burnham was about to begin working for Garner 'in the same role' and 'in the same territory' [as she had at Transcarent], thereby creating an imminent risk that Transcarent's confidential information would be used to compete against it," Garner Opp'n at 6, but that since Burnham completed only one day of onboarding before being "placed on indefinite administrative leave," *id.* at 7, there is no longer any such risk to Transcarent. That argument fails for two reasons. First, and most importantly, the risk to Transcarent is that Garner has already received its confidential information from Burnham and can therefore use that information against Transcarent at any time. Reply at 3. That risk is in no way addressed by Burnham's administrative leave. Second, Burnham's administrative leave is a "voluntary personnel decision that Garner can reverse at any time." *Id.* at 4.

Plaintiff's reply purports to identify three issues that "the Court must resolve at the preliminary injunction hearing," *id.* at 8: "(1) whether, where, and by whom the Customer File and other Transcarent confidential information were transmitted, stored, accessed, or used . . .; (2) Garner's knowledge of Burnham's obligations and Burnham's possession of Transcarent data . . .; and (3) Burnham's role, duties, and territory at Garner and any solicitation of covered clients." *Id.* at 8-9. However, not all of these issues are relevant to the motion for a preliminary

injunction, as opposed to the broader merits questions raised by the complaint.

To obtain a preliminary injunction, a plaintiff must show that "'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345 (2024) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Of those four factors, the Second Circuit has repeatedly held that "[i]rreparable harm is the single most important prerequisite" for injunctive relief. *Rodriguez v. DeBuono*, 175 F.3d 227, 233-34 (2d Cir. 1999) (cleaned up). "Accordingly, 'the moving party must first demonstrate that such injury is likely before the other requirements . . . will be considered.'" *Id.* at 234 (citation omitted). There is "no irreparable injury where [a] plaintiff 'could be adequately compensated with money damages if it were to prevail on these claims at trial.'" *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 115 (2d Cir. 2005) (quoting *Polymer Tech. Corp. v. Mimran*, 37 F.3d 74, 82 (2d Cir. 1994).

The Court previously granted a TRO on the basis that irreparable harm might occur from Defendants' use of the contact list that Burnham had emailed herself shortly before leaving Transcarent's employ (the "Customer file"). *See* ECF No. 14. At the October 21, 2026 TRO hearing, the Court held that the mere existence of an employment relationship between Burnham and Transcarent did not threaten irreparable harm, even if it were to constitute a breach of Burnham's contract with Transcarent. ECF No. 45 ("Oral Op. Tr.") at 16:1-11. In contrast, the Court concluded that the solicitation of existing Transcarent clients was capable of constituting such harm (although there was at the TRO stage insufficient evidence to make out the requisite risk of irreparable harm on the facts). *Id.* at 16:12–17:6.

The Court therefore finds reasonable expedited discovery that bears on (1) whether either

Defendant currently has access, or the ability to access, the Customer File or other confidential information of Transcarent's, or has provided, or has the ability to provide, access to the Customer File to others; (2) any solicitation by Defendants of covered clients; and (3) the scope of Burnham's role, duties and territory only insofar as relevant to such solicitation or the possibility thereof.

The Court turns to the breadth of the discovery sought by Transcarent. Defendant Garner objects to Transcarent's actual discovery requests as "extensive merits discovery compressed into an expedited schedule." Garner Opp'n at 10. Transcarent seeks responses to eleven document requests and seven interrogatories, searches and production of potentially extensive electronically stored information, forensic imaging of electronic devices and systems, and a Rule 30(b)(6) deposition. *Id.*; *see also* ECF No. 7. That is plainly not "minimal" discovery, contrary to Transcarent's characterization of its requests.

The Court limits the requests for production to which Garner must respond. Within fourteen (14) days of this Order, Garner must produce:

- All Documents reflecting any instruction, request, or directive by Garner to Burnham concerning the use, retention, or deletion of any Documents or data Burnham has obtained or received from Transcarent during her employment with Transcarent;
- All Documents and Communications in Garner's possession, custody, or control relating to, referencing, or containing the Customer File as described in Paragraphs 54-56 of the Complaint;
- All Documents and Communications reflecting the transfer, transmission, forwarding, sharing, or disclosure by Burnham to Garner of any Transcarent Documents, files, or information, including the Customer File;

- Documents sufficient to show each instance in which the Customer File was accessed, opened, viewed, copied, uploaded, or used on any Garner-owned or Garner-controlled device, system, network drive, email account, or cloud storage environment, including access logs, audit logs, and file activity reports;
- All Documents and Communications concerning any deletion, alteration, modification, overwriting, wiping, or destruction of the Customer File, or of any device or account on which the Customer File was stored, since September 1, 2026;
- Documents sufficient to show Burnham's role, duties, compensation, and start date at Garner;
- All Documents or Communications between Burnham and any owner, director, manager, or employee of Garner concerning any client, prospective client, broker, or consultant identified in the Customer File;
- All Documents and Communications on which Garner intends to rely in opposing Transcarent's motion for a preliminary injunction.

The Court additionally orders Garner to respond to interrogatory numbers 1, 4 and 7 within fourteen (14) days of this Order. As to Burnham, within fourteen (14) days of this Order, she must produce:

- All Documents reflecting any instruction, request, or directive by Garner to Burnham concerning the use, retention, or deletion of any Documents or data Burnham obtained or received from Transcarent during her employment with Transcarent;
- All Documents, files, and information belonging to, originating from, or created by or for Transcarent that are or were in Burnham's possession, custody, or control at any time since the end of her employment with Transcarent, in native format with all metadata

intact, including without limitation the Customer File and the October 2, 2026 email by which Burnham sent it to jaimecburnham@yahoo.com;

- All Documents and Communications reflecting the transfer, transmission, forwarding, sharing, or disclosure by Burnham to Garner of any Transcarent Documents, files, or information, including the Customer File;
- Documents sufficient to identify each computer, cellular telephone, tablet, external storage device, email account, cloud storage or file-sharing account, messaging account, or other device or location to which Burnham downloaded, transferred, copied, uploaded, stored, synced, or forwarded any Transcarent Documents, files, or information, including the Customer File, since September 1, 2026;
- All Documents and Communications concerning any deletion, alteration, modification, overwriting, wiping, or destruction of the Customer File, or of any device or account on which the Customer File was stored, since September 1, 2026;
- Documents sufficient to show Burnham's role, duties, compensation, and start date at Garner;
- Documents sufficient to show when Garner and Burnham first entered into discussions regarding Burnham's potential employment by Garner;
- All documents and communications between or involving Burnham and any client or prospective client of Transcarent during the 12 months preceding her separation from Transcarent that (i) relates or refers to her potential employment at Garner; or (ii) attempts to solicit their business or induce them to become clients of Garner;
- All Documents or Communications between Burnham and any owner, director, manager, or employee of Garner concerning any client, prospective client, broker, or consultant

identified in the Customer File; and

- All Documents and Communications on which Burnham intends to rely in opposing Transcarent's motion for a preliminary injunction.

With respect to the interrogatories directed at Burnham, Burnham is ordered to respond to interrogatory numbers 1, 5 and 6.

Transcarent has also established good cause to conduct discovery to establish whether Burnham has continued access to the Customer File or its confidential information. Accordingly, the Court orders that, within three business days of the date of this Order, Defendant Burnham produce or make accessible to a neutral third-party forensic examiner all personal electronic devices, including, without limitation, computers, laptops, electronic storage devices, smart phones, and tablets, and all personal email and cloud storage accounts, including without limitation the jaimecburnham@yahoo.com account, in Burnham's possession, custody, or control. Plaintiff shall not access any information from these devices and accounts unless and until the parties agree to a forensic search protocol or the Court issues an order permitting access.

The Court additionally authorizes Plaintiff to depose Burnham for not more than four hours. The Court defers ruling on whether a Rule 30(b)(6) deposition of Garner would be reasonable, as it has not been presented with any information regarding the proposed scope of such deposition.

The Court is also in receipt of Defendant Garner's letter motion for an extension of time to oppose Plaintiff's motion for a preliminary injunction and to file a Rule 12(b)(6) motion. ECF No. 61. That motion is GRANTED.

The Court orders:

- An adjournment *sine die* of the November 16, 2026 deadline for opposition to

Plaintiff's motion for a preliminary injunction; the November 23, 2026 deadline for Plaintiff's reply to that opposition; and the November 16, 2026 deadline for Defendants' motions to dismiss;

- Within ten (10) days of this Order, the parties shall submit a joint letter with a proposed briefing schedule for the preliminary injunction motion and Defendants' motions to dismiss.

The Clerk of Court is hereby directed to terminate ECF Nos. 7 and 61.

SO ORDERED.

Dated: November 17, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge